IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 23MJ32 |
| | ) | |
| JAMES MEEK, | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OF LAW ADDRESSING LEGAL STANDARDS APPLICABLE TO PRETRIAL DETENTION DETERMINATION**

James Gordon Meek, through counsel, respectfully submits this memorandum addressing the legal framework applicable to the Court's determination of whether Mr. Meek should be detained pending trial, pursuant to 18 U.S.C. § 3142.

**I.     THE BAIL REFORM ACT.**

Under the Bail Reform Act, the Court is required to order detention only where it finds that "*no condition or combination of conditions* will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1) (emphasis added).  *See also United States v. Blauvelt*, No. Crim. WDQ-08-0269, 2008 WL 4755840, at *6 (D. Md. Oct. 28, 2008) ("The Bail Reform Act requires a reasonable assurance of the safety of the community, not a guarantee.").

In order to detain the defendant, the Court must find by clear and convincing evidence that no conditions other than detention will reasonably assure the safety of any other person and the community.  *United States v. Simms*, 128 F. App'x 314, 315 (4th Cir. 2005) (citing 18 U.S.C. §

1

3142(f)(2). If detention is based on a the risk of flight, the Court must find this factor by a preponderance of the evidence. *United States v. Stewart*, 19 F. App'x 46 (4th Cir. 2001).

In determining if release conditions exist that will reasonably assure appearance at trial, courts consider: the nature and circumstances of the crime, the weight of the evidence against the person, the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, community ties, financial resources and criminal history. 18 U.S.C. § 3142(g).

In this case, pursuant to section § 3142(e)(3)(E), there is a presumption in favor of detention. However, as will be discussed more fully below, this is a rebuttable presumption.

## II. THE BURDEN OF PRODUCTION LIES WITH THE DEFENDANT, BUT THE BURDEN OF PERSUASION REMAINS WITH THE GOVERNMENT.

In a "presumption" case such as this one, the defendant (as opposed to the government) has the burden of production to show that he is not a danger to the community, and is unlikely to flee. However, once the defendant comes forward with evidence to rebut the applicable presumption, the burden of persuasion shifts to the government to show that the defendant poses a danger, or is a risk of flight, in accordance with the burdens of proof noted above. *See, e.g., United States v. Boyd*, 484 F. Supp. 2d 486, 488 (E.D. Va. 2007) ("In [a presumption] case, the burden of production shifts to the defendant to come forward with evidence to suggest that the presumption is unwarranted in his or her particular case. If the defendant successfully rebuts the presumption, the burden returns to the government to prove by a preponderance of the evidence that detention is nevertheless warranted. 18 U.S.C. § 3142(f) (internal citations omitted).

The defendant's burden in this context is not a heavy burden. It requires the defendant only to "offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe,* 768 F.2d 364, 371, 247 U.S. App. D.C. 247 (D.C. Cir. 1985); *See also United States v.*

*Kurtenbach*, No. 5:17-CR-50071-JLV, 2017 U.S. Dist. LEXIS 121464, at *5-6 (D.S.D. Aug. 2, 2017) ("Once the defendant has met his burden of production, the court cannot rely solely on the presumption in detaining the defendant.  Where a rebuttable presumption of detention exists, "the defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence [that] he does not pose a danger to the community or a risk of flight.") (quoting *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) and *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)); *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991) (Although a defendant's burden of production "is not heavy," he must introduce at least some evidence); *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991) ("[A] defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption.").

Respectfully Submitted,

By: /s/ *Eugene V. Gorokhov*
Eugene Gorokhov, Bar No. 73582
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173 (fax)

## CERTIFICATE OF SERVICE

**I hereby certify that I filed the foregoing document VIA ECF which provides a copy to the AUSA of record.**

By: /s/ *Eugene V. Gorokhov*
Eugene Gorokhov, Bar. No. 73582
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com