

Eugene Gorokhov, Esq.
eugene@burnhamgorokhov.com
*Licensed to practice in Virginia and
the District of Columbia*

February 24, 2023

**VIA EMAIL ATTACHMENT**

Ms. Zoe Bedell
Ms. Whitney Kramer
Assistant United States Attorneys
2100 Jamieson Ave
Alexandria, VA 22314

  *Re:* *US v. James Gordon Meek—Requests for Discovery and* **Brady** *Materials.*

Dear Ms. Bedell,

I am in receipt of the government's discovery Production 1, the search warrant production (consisting of four warrants and related materials), and the photos of Mr. Meek's residence taken during the search on April 27, 2022. I also understand that images of devices seized during the search of Mr. Meek's residence are available for review at the FBI Field Office. I will reach out shortly to coordinate a visit to review these materials, along with an expert. I provide this supplemental request on behalf of Mr. Meek in order to clarify what I consider to be within the scope of the government's duty to disclose.

This request encompasses documents[1] and information in the possession, custody, or control of the Department of Justice's Criminal Division, the U.S. Attorney's Office for the Eastern District of Virginia, or any other entity (including[2] any federal, state, or local agency) allied with the

---

[1] The word "documents" refers to all media that contain information, including all books, papers, letters, correspondence, reports, memoranda, studies, calendars, appointment books, diaries, notes, messages, e-mail, text messages, digital records, other computer-facilitated or transmitted materials, images, photographs, audio or video tapes, recordings, transcripts, ledgers, receipts, printouts, and any other written, recorded, or memorialized material of any nature whatsoever.

[2] Throughout this document, "include" means "include without limitation," and "including" means "including but not limited to." This clarification applies to footnotes, including footnote 1 and this footnote, as well as to the body of the letter.

prosecution or involved in any way in investigating or prosecuting Mr. Meek. This request also encompasses documents and information reviewed or relied upon by any of the foregoing entities or any agent thereof. As used in this letter, the words "government" and "you" refer to all of the foregoing entities. All of these requests are continuing in nature, requiring supplementation in accordance with Rule 16(c) of the Federal Rules of Criminal Procedure.[3]

We also request the underlying source material for any of the following information, as opposed to any summary letter or paraphrased description of the information. Please advise us promptly if the government will not be producing underlying source material. For example, if exculpatory information is contained in an FBI-302, the government should disclose the FBI-302 report instead of providing a purported summary of that information.

As you are aware, the government's obligations are not limited to information that is tangible or even information that is written down,[4] and include information that is not or may not be admissible.[5] All of the requests in this letter therefore cover information in whatever form, from whatever source, regardless of its admissibility. As you also know, the prosecution has a non-delegable duty to take steps to search for exculpatory information,[6] and must provide that information to the defense even if it is otherwise protected by privilege or statute.[7]

### I. Defendant's Statements.

Pursuant to Rule 16(a), Mr. Meek requests all statements that he made or that were attributable to him, including:

(1) Any written or recorded statement or admission made by Mr. Meek that is within the government's possession, custody, or control, or of which the government knows or could learn through due diligence;

(2) The portion of any written record containing the substance of any oral statement made by Mr. Meek in response to interrogation by any person then known to the defendant to be a government agent. This request includes all documents,

---

[3] All subsequent references to a Rule refer to the Federal Rules of Criminal Procedure unless stated otherwise.'

[4] *See, e.g.*, *United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007).

[5] *See, e.g.*, *Ellsworth v. Warden*, 333 F.3d 1 (1st Cir. 2003); USAM § 9-5.001.C.

[6] *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

[7] *See, e.g.*, *United States v. Kohring*, 637 F.3d 895, 908 (9th Cir. 2010) ("prosecution ha[d] a duty to disclose the non-cumulative underlying exculpatory facts in the [prosecutor's] email" (internal quotations and citation omitted)).

       including notes, prepared by any government employee or agent that contain the substance of any relevant statement made by Mr. Meek;

(3) The substance of any oral statement made by Mr. Meek in response to interrogation by any person Mr. Meek knew to be a government agent;

(4) Any statements made by Mr. Meek to any person, and any statements by which Mr. Meek's statements were communicated to the government. Although the Jencks Act requires that statements made by third parties to the government be produced prior to cross-examination, there is authority to allow the court to order such production earlier and even prior to trial.[8]

Without limitation, Mr. Meek specifically requests the recording of statements he allegedly made to agents during the search of his residence on April 27, 2023. I have been unable to locate this recording in the discovery provided to date, but if it has been provided, please let me know where it is located.

## II. Statements of Those with Knowledge.

Mr. Meek requests all statements, written or oral, made by persons known to or interviewed by the government who have knowledge of facts pertaining to this case or the government's investigation into this case or related cases. The names of persons with knowledge of the facts relevant to the case are the most critical information obtainable for preparation of an adequate defense to ensure a fair trial.[9] Such statements should include statements by co-defendants, unindicted co-conspirators, informants,[10] and any others interviewed in the course of the investigation.

## III. Documents and Tangible Objects.

---

[8] *See United States v. Thevis*, 84 F.R.D. 47, 55-56 (N.D. Ga. 1979); *Davis v. United States*, 413 F.2d 1226, 1230-31 (5th Cir. 1969) (recordings of conversation between defendant and Government informant held to be statement of defendant and discoverable); *United States v. Bailleaux*, 685 F.2d 1105, 1114 (9th Cir. 1982) ("We believe the government should disclose any statement made by the Defendant that may be relevant to any possible defense or contention that the Defendant might assert. Ordinarily, a statement made by the Defendant during the course of the investigation of the crime charged should be presumed to be subject to disclosure, unless it is clear that the statement cannot be relevant. Where the Government is in doubt, the written or recorded statement should be disclosed, if a proper request is made."), *modified on other grounds*, *Huddleston v. United States*, 485 U.S. 681 (1988).

[9] *United States v. Cadet*, 727 F.2d 1453, 1468-69 (9th Cir. 1984).

[10] As used in this letter, the term "informant" refers to any individual who worked or is working on behalf of the government for any form of consideration, as defined in § IX(5)b. *infra*, or who provided information to the government without expecting or receiving any such consideration. This term includes confidential informants, cooperating witnesses, undercover informants, etc.

3

Pursuant to Rule 16(a)(1)(E), Mr. Meek requests the following:

(1) All books, papers, documents, data, photographs, or tangible objects, or copies or portions thereof, that were obtained from or belong to Mr. Meek.

(2) All books, papers, documents, data, photographs, or tangible objects, or copies or portions thereof, that the government intends to use at trial in its case-in-chief.

(3) All books, papers, documents, data, photographs, or tangible objects, or copies or portions thereof, that are material to Mr. Meek's defense including all law enforcement reports or memoranda prepared in connection with the investigation of Mr. Meek.

(4) Mr. Meek requests that the government's production include all investigative materials in the possession of the DOJ, the FBI, or any other federal agency relating to the investigation of Mr. Meek that existed prior to September 7, 2021.

(5) Mr. Meek requests that the government also provide all materials in the possession of state and local law enforcement authorities who investigated him, including but not limited to the Virginia State Police, the Arlington County Police, and any ICAC Task Force.

(6) Mr. Meek requests that the government also provide all communications between the FBI and the National Center for Missing and Exploited Children (NCMEC) relating to Mr. Meek or the investigation of Mr. Meek.

(7) Mr. Meek requests that the government also provide all communications between the FBI and any state or local police department, including but not limited to the Virginia State Police and the Arlington County Police, relating to Mr. Meek or the investigation of Mr. Meek.

(8) Mr. Meek requests that the government also provide all communications among and between the FBI, the DOJ, and any other agency or branch of the United States government relating to Mr. Meek or the investigation of Mr. Meek.

## IV. Reports of Examinations and Tests.

Pursuant to Rule 16(a)(1)(F), Mr. Meek requests the results or reports of any physical or mental examinations, scientific tests, or experiments that were conducted in connection with the investigation of the charges contained in the Complaint.

## V. Expert Notice and Disclosure.

Please provide information regarding all expert witnesses in accordance with Rule 16(a)(1)(G), as amended in 2022.

### VI. Evidence of Uncharged Misconduct

Pursuant to Federal Rule of Evidence 404(b), Mr. Meek requests all evidence of any uncharged crime, wrong, or other misconduct that the government may seek to introduce at trial (including in rebuttal). This disclosure should be made with at least the degree of particularity required in a complaint, with the witnesses named. This disclosure should identify whether any such evidence will be introduced by means of a documentary exhibit and, if so, the identity of the document. This disclosure should address whether the uncharged misconduct is presently the subject of a pending charge or ongoing investigation, the purpose for which the uncharged misconduct is offered, and should include any "reverse" 404(b) evidence that may tend to negate Mr. Meek's guilt as to the charged misconduct.

### VII. Jencks Materials.

Pursuant to Federal Rule of Criminal Procedure 26.2, and 18 U.S.C. § 3500, Mr. Meek requests early disclosure of all Jencks Act material so that, if there are any issues concerning disclosure that may need to be resolved in advance, counsel will have adequate time to review the material. This will ensure that there will be no delay of court proceedings while counsel reviews the material, considers *Brady* ramifications, and prepares to use the material in cross-examination. Mr. Meek also requests that you diligently preserve all Jencks material, including any rough notes.

### VIII. Materials Relating to Suppression.

As a predicate to potential motions pursuant to Fed. R. Crim. P. 12, Mr. Meek requests that he be informed of and receive all documents and information pertaining to the following:

(1) Whether the government intends to offer into evidence any statement made by Mr. Meek or any family member, and the substance of any such statement;

(2) Whether any evidence in the government's possession, custody, or control was obtained by a search and seizure conducted by the government, and a description of such evidence;

(3) Whether any evidence in the government's possession, custody, or control was obtained through electronic or mechanical surveillance (including wiretaps, body wires, pen registers, computer code, and surveillance of telephone calls) and a description of such evidence;

(4) Whether any evidence in the government's possession, custody, or control was obtained through the use of a beeper or other tracking device, and a description of such evidence;

(5) In connection with any tape recording, wiretaps, or other surveillance of Mr. Meek during the investigation of the allegations of the complaint or any related allegations, Mr. Meek seeks:

      a. The names and addresses of all persons whose personal or business telephones the government tapped or monitored, or whose computer activities, communications, conversations or actions the government monitored by other means without the person's knowledge;

      b. Transcripts, including drafts and final versions, or other records of the statements or conversations monitored;

      c. The procedures used to conduct such surveillance; and

      d. The authority under which such surveillance was conducted.

(6) Whether any evidence in the government's possession, custody, or control was obtained through a mail cover and/or trash cover and a description of such evidence;

(7) The identities of any informant employed by the government during its investigation of Mr. Meek, and

(8) Any other evidence not covered in the foregoing requests, for which the defendant may have a non-frivolous basis to file a motion to suppress or which may form the non-frivolous basis to file a motion to suppress.

(9) All search warrants and related documents;

(10) All guidance relied upon by the "filter team" in reviewing the material seized from Mr. Meek, including but not limited to the memoranda dated November 24, 2021 and April 22, 2022.

## IX. *Brady* Materials

Pursuant to the United States Constitution and relevant case law interpreting its provisions, including *Brady v. Maryland*[11] and *Giglio v. United States*,[12] Mr. Meek requests immediate identification and disclosure of all documents and information (in whatever form) that are favorable to the defense, that would tend to exculpate Mr. Meek with respect to the charges in the complaint, that may provide a basis for suppression, or that are relevant to the issue of sentencing. This request includes:

(1) Any document or information indicating or tending to establish that any of the allegations in the complaint are not true;

---

[11] 373 U.S. 83 (1963).

[12] 405 U.S. 150 (1972).

(2) Any document or information indicating or tending to establish that any conduct that is the subject of the charges did not violate government laws;

(3) Any document or information that would provide a basis to suppress[13] or otherwise exclude the fruits of the searches conducted in this case;

(4) Any documents or information indicating or tending to establish that Mr. Meek did not instigate, control, authorize, approve, or acquiesce in the any of the acts that are alleged in the complaint;

(5) Any document or information that could be used to impeach any potential government witness, or any person whose statements will be introduced pursuant to Federal Rules of Evidence 801(d)(2)(C), (D), or (E), including, but not limited to:

    a. Any document or information relating to any conviction, arrest, or criminal record of, and any criminal charge brought against, any potential government witness;

    b. Any document or information relating to promises, consideration, or inducements offered or made to any potential government witness, whether directly to the witness or indirectly to a third party (including the witness' attorney, friends, family, employer, or business associates). "Consideration" means anything of value or use, including witness fees, transportation or relocation assistance, money, immunity grants (whether formal or informal), dropped or reduced charges or suggestions of favorable treatment with respect to any matter (whether federal, state or local criminal, civil, or administrative), expectations of downward departures or motions for reduction of sentence, considerations regarding forfeiture of assets, and stays of deportation or other immigration status considerations;

    c. Any document or information tending to show the bias of a potential government witness, including animosity toward Mr. Meek or known but uncharged criminal conduct that may provide an incentive to curry favor with a prosecutor;

---

[13] *See, e.g.*, *United States v. Gamez-Orduno*, 235 F.3d 453, 461 (9th Cir. 2000) (*Brady* violated in pretrial context by suppression of report that would have demonstrated that defendants had Fourth Amendment standing to challenge search); *Nuckols v. Gibson*, 233 F.3d 1261, 1266-67 (10th Cir. 2000) (*Brady* violation when government failed to disclose allegations of theft and sleeping on the job of police officer whose testimony was crucial to the issue of whether a Miranda violation had occurred—and thus, crucial to the admissibility of the confession); *Smith v. Black*, 904 F.2d 950, 965-66 (5th Cir. 1990) (nondisclosure of *Brady* information may have affected fact finder's findings at the suppression hearing).

    d. Any document or information affecting the reliability of a potential government witness's testimony, including known alcohol or substance abuse, mental health issues, or other issues that could affect the witness' ability to perceive and recall events;

    e. Any document or information relating to inconsistencies in statements given by any potential government witness;

    f. Any document or information relating to inconsistencies between government documents (including agents' and/or prosecutors' rough notes and FBI 302s or other memoranda of interviews of any potential government witness);

    g. Any document or information bearing adversely on the character or reputation for truthfulness of any potential government witness; and

    h. Each specific instance of conduct from which it could be inferred that any potential government witness is untruthful.

(6) The date of and participants in each and every interview—going back to the initiation of the government's investigation of the conspiracy—debriefing, "queen for a day" session, proffer, or other statement or description of the alleged facts made by each potential government witness (whether directly or indirectly, such as a proffer made by counsel). In addition, please specify, as to each such witness, the first date on which the witness made any allegation that Mr. Meek engaged in any allegedly unlawful conduct or any conduct alleged in the Complaint.

(7) The identity of any informant who participated in any transaction relating to the subject of the complaint or who provided any information regarding Mr. Meek in relation to the subject of the complaint and all *Brady* and *Giglio* information (as already set forth above with respect to government witnesses) regarding such individual(s).

Please advise us promptly whether the government will be producing *Brady* material immediately, even if it is contained in what might otherwise be considered Jencks material, or whether you take the position that you are not obligated to produce such material at this time.

Thank you for your attention to this matter. Please do not hesitate to contact me with any questions or for any other reason.

                                                                    Sincerely,

                                                                    Burnham & Gorokhov, PLLC

                                                                    By: Eugene Gorokhov, Esq.