

U.S. Department of Justice
**United States Attorney's Office**
Eastern District of Virginia

---

Jessica D. Aber  
United States Attorney

2100 Jamieson Avenue  
Alexandria, VA 22314

(703) 299-3700  
(703) 299-3980 (fax)

March 16, 2023

Eugene Gorokhov  
Burnham & Gorokhov, PLLC  
1765 Duke Street  
Alexandria, VA 22314

Re:     United States v. James Gordon Meek  
        Criminal Case 1:23-mj-32

Dear Mr. Gorokhov:

I write in response to your letter dated February 24, 2023, regarding discovery in *United States v. Meek*, 1:23-mj-32.

To recap, the government has made the following productions to date in this case:

- February 9, 2023: search warrants and relevant accompany materials (e.g., search warrant applications and affidavits)
- February 10, 2023: PROD001, consisting of materials responsive to the government's discovery obligations file up to January 27, 2023
- February 15, 2023: photos taken during the execution of the search of Mr. Meek's residence
- February 27, 2023: report of second interview with Identified Minor 2
- March 3, 2023: PROD002, consisting primarily of responsive materials post-dating January 27, 2023. These materials included, but are not limited to, reports from surveillance conducted prior to Mr. Meek's arrest, reports associated with the arrest, and statements from various witnesses.
    - This production also included the recording of Mr. Meek's statement to law enforcement at the time of the search of his residence on April 27, 2023.
- March 10, 2023: surveillance records, correspondence with a witness, and correspondence between FBI and Arlington County Police Department
- March 16, 2023: correspondence between NCMEC and FBI, report of witness interview

Additionally, as you are aware, copies of devices seized from Mr. Meek, a copy of Identified Minor 2's device, and various electronic search warrant returns are available for your review at the FBI

---

Zoe Bedell   ■   Assistant United States Attorney   ■   (703) 299-3773   ■   zoe.bedell@usdoj.gov

facility in Manassas, Virginia. Also available for review are recordings of interviews with victims and potential victims in this case.

We note that at this stage, Mr. Meek has been charged by complaint and the Court has not entered a discovery order. Nonetheless, the government has exceeded its discovery obligations to date. This includes producing materials to which Mr. Meek would not be entitled at this stage, as well as producing materials that are not responsive to any of the government's discovery obligations at any stage. Our voluntary discovery policy does not waive our right to provide the information or material by a later date, as long as we disclose or produce timely under the applicable cases, laws, rules, and discovery order.

Notably, the government has currently produced or made available all materials responsive to Federal Rule of Criminal Procedure 16(a)(1)(A)-(F), as applicable, that are within the government's possession, custody, or control. Additionally, the government has complied with its obligations under *Brady v. Maryland* and *Giglio v. United States* by producing, making available, or otherwise making the defendant aware of all *Brady* and *Giglio* information of which it is currently aware. To the extent that the government obtains, generates, or learns of additional material in these categories, it will promptly produce these materials in accordance with its obligations.

Your letter requests production of statements of individuals with knowledge of the case made to the government. All such statements, if discoverable and currently within the possession, custody, or control of the government, have been produced or made available. Any records of additional statements that are made or obtained will be produced or made available in accordance with the government's discovery obligations.

Regarding your requests specific to this case pursuant to Rule 16(a)(1)(E):

- Requests (1)-(4): The government has produced or made available all materials books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of these items that are within the government's possession, custody, or control that are material to preparing the defense, that the government intends to use in its case-in-chief at trial, or that were obtained from or belong to the defendant, in accordance with its obligations pursuant to this section. These items have been produced for both the period before and after September 7, 2021, to the extent they exist. To the extent other such items are created or come into the government's possession, custody, or control, the government will produce them in accordance with its discovery obligations.

- Requests (5) and (7): The government has produced all materials in its possession, custody, or control that it has received from Virginia State Police and Arlington County Police Department and that are responsive to the government's discovery obligations, as well as all communications between the FBI and Virginia State Police and Arlington County Police Department that are responsive to the government's discovery obligations. The government will request any additional materials relevant to this investigation from Virginia State Police and Arlington County Police Department and will produce any responsive materials

that we receive.

- Request (6): The government has produced all communications between the FBI and NCMEC that are responsive to the government's discovery obligations in this case. To the extent other such items are created or come into the government's possession, custody, or control, the government will produce them in accordance with its discovery obligations.

- Request (8): The government has produced all communications between the FBI, DOJ, and any other agency or branch of the United States government that are responsive to the government's discovery obligations in this case. To the extent other such items are created or come into the government's possession, custody, or control, the government will produce them in accordance with its discovery obligations.

The government will produce information relating to expert witnesses in accordance with the terms of Rule 16(a)(1)(G) and the standard discovery order for the Eastern District of Virginia that it expects will be entered in this case at arraignment ("standard discovery order"). The standard discovery order anticipates that such disclosures will be made no later than 15 business days before trial.

The government will provide notice of its intent to introduce evidence pursuant to Federal Rule of Evidence 404(b) in accordance with the terms of that Rule and the standard discovery order. The standard discovery order anticipates that such disclosures will be made no later than 10 business days before trial.

The government will provide disclosure of Jencks Act materials in accordance with the terms of the Jencks Act and the standard discovery order. The standard discovery order anticipates early Jencks Act disclosure will be made no later than five business days before trial.

With regard to the section of your letter titled "Materials Relating to Suppression," as discussed above, the government has produced all evidence within its possession, custody, or control responsive to its discovery obligations relating to statements, searches, seizures, and the other investigative techniques listed. If you have questions about whether the government intends to offer a specific statement or other piece of evidence that you believe is inadmissible for any reason, we are willing to consider that statement or evidence and advise on whether we would expect to offer it as evidence at trial.

The government does not intend to produce the filter team memoranda dated November 24, 2021, and April 22, 2022. These memoranda do not vest any enforceable rights in a defendant, much less rights resulting in a suppression remedy. Moreover, these memoranda are attorney-client privileged and represent attorney work product. Finally, nothing in these memoranda is responsive to any of the government's discovery obligations.

The government hereby requests and moves under Fed. R. Crim. P. 26.2 for Jencks Act material on any witnesses (excluding the defendant) whom you may call at any hearing, trial, and sentencing related to this case. In addition, pursuant to Fed. R. Crim. P. 16(b) ("Defendant's

Disclosure"), we hereby request any and all reciprocal discovery required from you in light of our compliance with your requests under this rule. Last, we ask that you notify us under Fed. R. Crim. P. 12.1 of your intent to use any alibi defense.

If you have any questions, please contact me directly at 703-299-3773.

        Sincerely,

        Jessica D. Aber
        United States Attorney


By:   /s/
        Zoe Bedell
        Assistant United States Attorney