

U.S. Department of Justice
**United States Attorney's Office**
Eastern District of Virginia

---

Jessica D. Aber  
United States Attorney

2100 Jamieson Avenue  
Alexandria, VA 22314

(703) 299-3700  
(703) 299-3980 (fax)

---

April 7, 2023

Eugene Gorokhov  
Burnham & Gorokhov, PLLC  
1765 Duke Street  
Alexandria, VA 22314

Re:  United States v. James Gordon Meek  
     Criminal Case 1:3-CR-65

Dear Mr. Gorokhov:

I write in response to your letter dated March 31, 2023, regarding discovery in *United States v. Meek*, 1:23-CR-65.

**Virginia State Police and Arlington County Police Records**

The FBI did not conduct a joint investigation or a joint prosecution with either the Virginia State Police or Arlington County Police. Nonetheless, we requested all records both agencies had related to this investigation. Both agencies have represented that they have provided us with all records related to this investigation; those records have all been provided to you. There are no additional records to produce.[1]

**Access to Seized Evidence**

The government has not been able to access evidence item 1B4 and has not relied on any content from that device in its charges against your client. The laptop referenced in the complaint is evidence item 1B6. That item is and has been available for your review at the FBI facility, and a copy of the data was provided for your visit on March 16.

The government did seize four laptops from Mr. Meek. Those items are labeled 1B3, 1B4, 1B5,

---

[1] We note that your presumption, present throughout your letter, that certain records must exist appears to be premised on the unsupported and faulty assumption that records and information can only be transmitted via email or other written form. In fact, records and information are regularly transmitted in person or orally, among other means.

---

Zoe Bedell ▪ Assistant United States Attorney ▪ (703) 299-3773 ▪ zoe.bedell@usdoj.gov

and 1B6. At this time, the government has only accessed 1B6.

Prior to your visit on March 16, the FBI told you they could make a processed version of the iCloud account available, but that it would take additional time and it would not be ready for March 16. You were informed that you were permitted to bring any tools you needed to process the unprocessed data yourself. When you visited on March 16, the FBI provided you with the unprocessed data, as you had requested, as well as the tools to process that data. We have therefore satisfied our discovery obligations relating to that data.

However, as a courtesy, the FBI has agreed to process the iCloud data and make it available for your review. We will notify you when that data is available for your review. When you and your expert were at the FBI facility on March 16, the FBI asked if you were still interested in reviewing a processed version of the data, but they did not receive a response. That lack of response has resulted in a delay in the data processing. However, pursuant to your letter, we have resumed processing.

Separately, the FBI has now gained access to evidence item 1B8. That item is currently being processed for review and once that is complete, it will be made available at the FBI's facility for your review.

**Documentation Related to Searches of Seized Devices**

The government has provided all currently existing reports related to the searches of the seized devices. Notably, the FBI does not generate any such reports until all device review has been completed for a case. To the extent that there are notes documenting an agent's notes from the examination process, those will be produced in accordance with *Jencks* deadlines established in the discovery order, as appropriate.

We have provided electronic chain of custody logs concurrently with this letter.

**Additional Information Requested Regarding Specific Images and Videos**

The government has provided the defense with access to all of Mr. Meek's devices on which the government has located child pornography, as well as all other devices that the government has been able to access. This is sufficient for the government to satisfy its discovery obligations with relation to such devices. Nonetheless, as a courtesy, the government now provides the following information and/or materials:

- The government will produce lists of the names and hash values for images and videos submitted to NCMEC for each device. These lists are provided concurrently with this letter.

- The images and videos discussed in Complaint Affidavit ¶ 54 were located on evidence item 1B6. The compilation video discussed in Complaint Affidavit ¶ 54 is named "cp mg27.mp4" and is located at the following file path: Macintosh HD\Users\nydn\Library\Mobile Document\com~apple~CloudDocs\Downloads. The

image that the agent recognized was part of the "Tara" series.

- Complaint Affidavit ¶ 29 discusses details relating to the screenshot containing the images of child pornography. This screenshot was located on evidence item 1B12 at the folder path pipehitter\0-iphone pix backup072220\iCloud Photos 8, and the creation date was found in the metadata associated with that image.

- IDENTIFIED MINOR 2 informed the FBI in her interviews that she told the individual she believed to be Mr. Meek that she was 16. The recordings of these interviews have been made available for your review, while the reports of these interviews have been produced at US-00001843 and US-00002398.

- The names and file paths for the images depicting IDENTIFIED MINOR 2 are as follows:
    - IMG_3379.PNG; path: pipehitter\0-iphone pix backup072220\iCloud Photos 7
    - IMG_6121.PNG; path: pipehitter\0-iphone pix backup072220\iCloud Photos 7
    - IMG_3263.JPEG; path: pipehitter\0-iphone pix backup072220\iCloud Photos 7
    - IMG_3234.PNG; path: pipehitter\0-iphone pix backup072220\iCloud Photos 11
    - IMG_3328.PNG; path: pipehitter\0-iphone pix backup072220\iCloud Photos 12
    - IMG_3640.PNG; path: pipehitter\0-iphone pix backup072220\iCloud Photos 12
    - IMG_3456.JPG; path: pipehitter\0-iphone pix backup072220\iCloud Photos29.zip\iCloud Photos
    - IMG_1364.JPEG; path: pipehitter\0-iphone pix backup072220\iCloud Photos30.zip\iCloud Photos

- The names and file paths of the items discussed in Complaint Affidavit ¶ 49 are as follows:
    - IMG_6957.JPG; path: pipehitter\i6_lacie071217
    - IMG_7388.JPG; path: pipehitter\i6_lacie071217
    - IMG_0095.PNG; path: pipehitter\0-iphone pix backup072220\iCloud Photos 12

- The name and file path of the item discussed in Complaint Affidavit ¶ 50 is as follows:
    - IMG_0095.PNG; path: pipehitter\0-iphone pix backup072220\iCloud Photos 12

- The names and file paths of the items discussed in Complaint Affidavit ¶ 52 are as follows:
    - IMG_6197.PNG; path: pipehitter\i5a
    - IMG_2420.PNG; path: pipehitter\0-katr6501
    - IMG_2421.PNG; path: pipehitter\0-katr6501
    - IMG_2439.PNG; path: pipehitter\0-katr6501
    - IMG_2536.PNG; path: pipehitter\0-katr6501
    - IMG_2620.PNG; path: pipehitter\0-katr6501
    - IMG_2623.PNG; path: pipehitter\0-katr6501
    - IMG_2625.PNG; path: pipehitter\0-katr6501
    - IMG_2628.PNG; path: pipehitter\0-katr6501
    - IMG_2626.PNG; path: pipehitter\0-katr6501
    - IMG_2630.PNG; path: pipehitter\0-katr6501
    - IMG_2631.PNG; path: pipehitter\0-katr6501

- o IMG_2635.PNG; path: pipehitter\0-katr6501
- o IMG_2638.PNG; path: pipehitter\0-katr6501
- o IMG_2636.PNG; path: pipehitter\0-katr6501

- The file name for the images and videos specifically discussed in Complaint Affidavit ¶ 55 are as follows:
  - o "Santa hat" image: DC6D98D2-F8E8-4780-B748-8F898BC4CC30.jpg; pipehitter\0-iphone pix backup072220\iCloud Photos 8
  - o IDENTIFIED MINOR 1:
    - Image names: IMG_1955.PNG, IMG_1956.PNG, IMG_1958.JPG, IMG_1960.JPG, IMG_1961.JPG, IMG_1962.JPG, IMG_1963.JPG
    - File path: pipehitter\0-katr6501 and also found in pipehitter\i5c lacie only

- IMG_9205.PNG, referenced in Complaint Affidavit ¶ 57, is located at the following location: cb79265f81f9fea5bda13f6ee53d12f0842ffa23_files_full.zip\private\var\mobile\Media\DCIM\119APPLE

- The chats, images, and videos exchanged between Mr. Meek and USERNAMES 1, 2, and 3 were located in the Kik application on evidence item 1B7. The display names for these users were Andi, Aero G, and Jack, respectively.

As noted, we have submitted images and videos to NCMEC. As of this date, we have only received two reports back. One of those reports was based on what was later determined to be an incomplete submission of the images and videos located on evidence item 1B7; the FBI subsequently submitted a complete package of materials from 1B7 but has not yet received a response from NCMEC. The FBI has received a report back for the images and videos located on 1B11. The reports that the FBI has currently received are available for review at the FBI facility. We will notify you when we have received the other reports, and they will also be made available for review at the FBI facility.

**Use of Undercover Operators and Cooperating Witnesses**

As we indicated in our last letter, the government has not used any undercover operators in its investigation of Mr. Meek. All witness statements and reports to date have been produced.

**Communications, Documents, and Information from Dropbox**

The government has produced all communications and materials involving Dropbox relating to this case that it has in its possession, custody, or control.

The metadata referenced in US-00000851-52 is the information provided in US-00000858.

The files transmitted by Dropbox to NCMEC and ultimately to the FBI are reflected in US-00000941 and US-00000943. These materials are available for your review at the FBI facility.

**Filter Team Memoranda and Documentation of DOJ Approval of Investigative Steps**

Your client has no reporter's privilege in any way relevant to this case. The Fourth Circuit—following the Supreme Court—has declined to recognize a privilege for reporters in criminal proceedings even when the reporter is merely a witness to a crime. *See United States v. Sterling*, 742 F.3d 482 (4th Cir. 2013) (citing *Branzburg v. Hayes*, 408 U.S. 665 (1972)). There is no basis for the assertion of any such privilege when the reporter has himself committed the criminal offense, and even less so where, as here, the crime is unrelated to his newsgathering activities. That the government voluntarily took steps to shield the case prosecutors from materials related to your client's newsgathering activities does not create any right or privilege for your client, and there would be no suppression right or remedy available, even supposing that there had been a deviation from the protocols the government elected to impose upon itself.

Similarly, DOJ's internal process for review and approval of legal process and other investigative steps is protected by the attorney-client privilege and attorney work product doctrines. Moreover, it is not responsive to any discovery obligation.

**Outstanding Responses from NCMEC**

As noted above, the government has received one response to a partial submission and one response to a complete submission from NCMEC. These responses are available at the FBI facility for your review.

**Documentation of Information Relating to Leak Investigation**

The government has no materials responsive to any of its discovery obligations in this case to disclose related to this topic.

**Other Documents**

The government has provided all responsive documents relating to its investigation and Mr. Meek's arrest. Notably, the instances of allegedly missing documents you cite both refer to information that is either publicly available or publicly observable.

Sincerely,

Jessica D. Aber
United States Attorney

By: /s/
Zoe Bedell
Assistant United States Attorney