**Department of Justice Use of Certain Law Enforcement Tools to Obtain Information from, or Records of, Members of the News Media; and Questioning, Arresting, or Charging Members of the News Media**

**Annual Report: Calendar Year 2021**

The Department of Justice (Department) is committed to making public, on an annual basis, data regarding its use of certain law enforcement tools to obtain information from, or records of, members of the news media; and regarding questioning, arresting, or charging members of the news media, pursuant to 28 C.F.R. § 50.10.  *See* Justice Manual (JM) 9-13.400(L)(4).[1]  This public report, which encompasses authorizations during calendar year 2021, is derived from information provided by Department Divisions and United States Attorney's Offices.

A. **Subpoenas and applications for court orders or search warrants authorized by the Attorney General (28 C.F.R. §§ 50.10(c) and (d))**

   None.

B. **Questioning, arrests, or charges authorized by the Attorney General (28 C.F.R. § 50.10(f))**

   1. In connection with the investigation into the January 6, 2021 attack on the U.S. Capitol, the Attorney General authorized the voluntary questioning of multiple members of the news media who were witnesses to serious criminal conduct, including violent assaults on law enforcement officers, or victims of and/or witnesses to targeted attacks on members of the news media during the Capitol breach.

C. **Subpoenas, applications for court orders, search warrants, questioning, arrests, or charges authorized by a Deputy Assistant Attorney General for the Criminal Division (28 C.F.R. §§ 50.10(d)(4) and (g))**

   1. In connection with an investigation of securities fraud and wire fraud relating to insider trading activities, a Deputy Assistant Attorney General authorized a U.S. Attorney's Office to apply for a warrant to search the person, personal effects, and cellular telephones of a member of the news media who was the subject of the insider trading investigation.  Investigators had established probable cause that the member of the news media had participated in the insider trading activities with three co-conspirators and was in communication with the primary target of the investigation, a former U.S. Congressperson; and that the information seized pursuant to the search

---

[1] On July 19, 2021, the Attorney General issued a memorandum to Department attorneys titled "Use of Compulsory Process to Obtain Information From, or Records of, Members of the News Media."  That memorandum further restricts the use of compulsory legal process to obtain information from, or records of, members of the news media acting within the scope of newsgathering activities.  That memorandum also requires, as an interim measure, that the Deputy Attorney General provide advance approval for any use of compulsory legal process for the purpose of obtaining information from, or records of, a member of the news media.  In accordance with that memorandum, the Deputy Attorney General approved the use of any compulsory legal process in this report occurring after July 19, 2021.

warrant would lead to further evidence. Investigators had pursued multiple avenues to obtain the evidence, without success, and had exhausted all investigative leads. The Department's News Media Policy generally requires that the Attorney General must approve any application to search the communications records of a member of the news media, *see* 28 C.F.R. § 50.10(d)(1), but here, because the suspected criminal conduct was wholly outside the scope of the member of the news media's newsgathering activities, a Deputy Assistant Attorney General for the Criminal Division authorized the search warrant applications pursuant to the "suspect exception" of the Privacy Protection Act (PPA), *see* 28 C.F.R. § 50.10(d)(4).

2. In connection with a fraud and money laundering investigation involving employees of a news media entity, a Deputy Assistant Attorney General authorized a U.S. Attorney's Office to search stored electronic content of email accounts maintained by a member of the news media and its affiliate entity; and to issue a subpoena to a third-party service provider for information relating to accounts maintained by a member of the news media. The Department's News Media Policy generally requires that the Attorney General must approve any application to search the communications records of a member of the news media, *see* 28 C.F.R. § 50.10(d)(1), but here, because the suspected criminal conduct was wholly outside the scope of the entities' and employees' newsgathering activities, a Deputy Assistant Attorney General for the Criminal Division authorized the search warrant applications pursuant to the "suspect exception" of the PPA, *see* 28 C.F.R. § 50.10(d)(4).

3. In connection with an investigation of a member of the news media for stalking offenses, a Deputy Assistant Attorney General authorized a U.S. Attorney's Office to apply for a warrant to search the email account of the member of the news media. Investigators had established probable cause that the member of the news media had engaged in harassment and stalking of multiple people, including through the installation and use of spyware and the hacking of social media accounts, as well as employing several means to damage the reputations of the parties the member of the news media was harassing and stalking. The U.S. Attorney's Office established evidence that the information seized pursuant to the search warrant would lead to evidence regarding the member of the news media's criminal conduct, which was wholly outside the scope of his newsgathering activities. The Department's News Media Policy generally requires that the Attorney General must approve any application to search the communications records of a member of the news media, *see* 28 C.F.R. § 50.10(d)(1), but here, a Deputy Assistant Attorney General for the Criminal Division authorized the search warrant application pursuant to the "suspect exception" of the PPA, *see* 28 C.F.R. § 50.10(d)(4).

4. In connection with a child exploitation investigation, a Deputy Assistant Attorney General authorized a U.S. Attorney's Office to apply for a warrant to search the internet account of a member of the news media. Investigators had established probable cause that the member of the news media had engaged in conduct involving the exploitation of children. The U.S. Attorney's Office established evidence that the information seized pursuant to the search warrant would lead to evidence regarding

the member of the news media's criminal conduct, which was wholly outside the scope of the member of the news media's newsgathering activities. The Department's News Media Policy generally requires that the Attorney General must approve any application to search the communications records of a member of the news media, *see* 28 C.F.R. § 50.10(d)(1), but here, a Deputy Assistant Attorney General for the Criminal Division authorized the search warrant application pursuant to the "suspect exception" of the PPA, *see* 28 C.F.R. § 50.10(d)(4).

**D. Subpoenas and applications for court orders authorized by Assistant Attorneys General or United States Attorneys (28 C.F.R. § 50.10(c)(3))**

1. In connection with the investigation into the January 6, 2021 attack on the U.S. Capitol, a United States Attorney authorized the issuance of multiple grand jury subpoenas to members of the news media. Because the members of the news media expressly agreed in advance to comply with the subpoenas, Attorney General authorization was not required. *See* 28 C.F.R. § 50.10(c)(3)(i)(A). The members of the news media complied with the subpoenas.

2. In connection with the prosecution of a case involving sexual assault, a United States Attorney authorized the issuance of trial subpoenas to members of the news media who were victims and/or witnesses. Because the subpoenas were directed at members of the news media who were witnesses or victims to crimes when such status was not based on, or within the scope of, newsgathering activities, Attorney General authorization was not required. *See* 28 C.F.R. § 50.10(c)(3)(ii)(C). The members of the news media complied with the subpoenas.

3. In connection with an investigation into online threats being made against several public figures, a United States Attorney authorized the issuance of a grand jury subpoena to a news media entity for information related to the threatening comments. Because the subpoena sought information related to public comments over which the news media entity did not exercise editorial control prior to publication, Attorney General authorization was not required. *See* 28 C.F.R. § 50.10(c)(3)(ii)(B). The news media entity complied with the subpoena.

4. In a fraud and money laundering investigation involving employees of a news media entity, a United States Attorney authorized the issuance of grand jury subpoenas to third-party financial institutions for accounts maintained by a member of the news media and its affiliate entity. Because the members of the news media may have been perpetrators of crimes or other events, and such status as perpetrators was not based on, or within the scope of, newsgathering activities, Attorney General authorization was not required. *See* 28 C.F.R. § 50.10(c)(3)(ii)(C). The financial institutions complied with the subpoenas.

5. In a criminal tax investigation, a United States Attorney authorized the issuance of subpoenas to several news media entities regarding certain financial transactions. Because the subpoenas were directed at communications records or business records for members of the news media who may have been perpetrators of crimes or other events, and such status as perpetrators was not based on, or within the scope of,

newsgathering activities, Attorney General authorization was not required.  *See* 28 C.F.R. § 50.10(c)(3)(ii)(C).  The news media entities are currently complying with the subpoenas.

6. In a child exploitation investigation, the Assistant Attorney General for the Criminal Division authorized the issuance of a grand jury subpoena to a news media entity in order to obtain IP address information for computers that accessed a particular online news article during a specified narrow timeframe.  Because the IP address information was sought solely for the purpose of identifying a target of the child exploitation investigation known to have accessed the news article, and hence was unrelated to the entity's newsgathering activities, Attorney General authorization was not required.  *See* 28 C.F.R. § 50.10(c)(3)(ii)(A).  The news media entity did not comply with the subpoena, and the subpoena was withdrawn after the offender was identified through other investigative means.

7. In connection with the investigation into the January 6, 2021 attack on the U.S. Capitol, a United States Attorney authorized the issuance of a grand jury subpoena to a news media entity for contractual and financial documents related to an individual who filmed some of the events of January 6, 2021.  Because the information sought was purely commercial, financial, administrative, technical, or other information unrelated to newsgathering activities, Attorney General authorization was not required.  *See* 28 C.F.R. § 50.10(c)(3)(ii)(A).  The subpoena was later withdrawn when the United States Attorney's Office obtained the information by other means.

8. In a fraud investigation, a United States Attorney authorized the issuance of a grand jury subpoena to a news media entity for records related to an advertising agreement.  Because the information sought was purely commercial, financial, administrative, technical, or other information unrelated to newsgathering activities, Attorney General authorization was not required.  *See* 28 C.F.R. § 50.10(c)(3)(ii)(A).  The news media entity complied with the subpoena

9. In connection with the investigation into the January 6, 2021 attack on the U.S. Capitol, a United States Attorney authorized the issuance of several subpoenas to third-party service providers for records related to a member of the news media.  Because the member of the news media may have been a perpetrator of crimes or other events, and this status was not based on, or within the scope of newsgathering activities, Attorney General authorization was not required.  *See* 28 C.F.R. § 50.10(c)(3)(ii)(C).  The third parties complied with the subpoenas.

10. In a criminal contempt investigation, a United States Attorney authorized the issuance of grand jury subpoenas and an application for court orders pursuant to 18 U.S.C. § 2703(d) directed to third-party service providers for records related to accounts used by a presumed member of the news media.  Because the presumed member of the news media's alleged contempt offense was not based on and/or within the scope of newsgathering activities, Attorney General authorization was not required.  *See* 28 C.F.R. § 50.10(c)(3)(ii)(C).  The service providers complied with the orders and subpoenas.

11. In a civil rights investigation, a United States Attorney authorized the issuance of a subpoena to a news media entity for records relating to the purchase of advertisements. Because the information sought was purely commercial, financial, administrative, technical, or other information unrelated to newsgathering activities, Attorney General authorization was not required. *See* 28 C.F.R. § 50.10(c)(3)(ii)(A). The news media entity complied with the subpoena.

12. In a murder investigation, a United States Attorney authorized the issuance of a trial subpoena to a member of the news media who had interviewed a witness in the investigation. Because the member of the news media expressly agreed in advance to comply with the subpoena, Attorney General authorization was not required. *See* 28 C.F.R. § 50.10(c)(3)(i)(A). The subpoena was withdrawn when the defendant entered a guilty plea.

13. In connection with an investigation into online threats being made against several public figures, a United States Attorney authorized the issuance of a grand jury subpoena to a news media entity for information related to the threatening comments, which were posted to online news articles. As the subpoena sought information related to public comments over which the news media entity did not exercise editorial control prior to publication, Attorney General authorization was not required. *See* 28 C.F.R. § 50.10(c)(3)(ii)(B). The news media entity complied with the subpoena.

14. In connection with a child exploitation investigation, a United States Attorney authorized the issuance of a legal process and an application for a court order, pursuant to 18 U.S.C. § 2703(d), directed to third-party service providers for records related to accounts used by a member of the news media. Because the member of the news media may have been a perpetrator of crimes or other events, when this status was not based on, or within the scope of, newsgathering activities, Attorney General authorization was not required. *See* 28 C.F.R. § 50.10(c)(3)(ii)(C).

**E. News Media Consultations (28 C.F.R. § 50.10(c)(3)(iii) and JM 9-13.400(M))**

Total Number of News Media Consultations conducted by the Office of Enforcement Operations in 2021: 343