IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 1:23CR65-CMH |
| | ) | |
| JAMES MEEK. | ) | |

### SECOND MOTION TO COMPEL DISCLOSURE OF RULE 16 AND BRADY MATERIAL AND FOR A HEARING REGARDING THE GOVERNMENT'S PROCESS FOR DISCLOSING EVIDENCE

James Gordon Meek, through counsel, and pursuant to Fed. R. Crim. Proc. 16 & 5(f),[1] as well as *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, hereby respectfully moves the Court to order the government to produce all Rule 16 discovery and *Brady* material. For the reasons discussed below, Mr. Meek also asks this Court to hold an evidentiary hearing in which the government should be required to provide a detailed explanation of its process for retaining, searching, and producing all Rule 16 and *Brady* material to the defense. In support of the motion, Mr. Meek states as follows:

Mr. Meek previously filed a motion to compel government compliance with Rule 16 and *Brady*, which is pending a response from the government. ECF 46. Mr. Meek has made several discovery requests to the government, and in response, the government has asserted that it has complied with all of its discovery obligations. *See* March 16, 2023 Letter, ECF 46-3, at 2 ("the government has exceeded its discovery obligations to date."); *See also Id.* ("Notably, the government has currently produced or made available all materials responsive to Federal Rule of Criminal Procedure 16(a)(1)(A)-(F), as applicable, that are within the government's possession,

---

[1] *See also* E.D. Va. July 12, 2021 Standing Order Regarding Rule 5(f).

custody, or control. Additionally, the government has complied with its obligations under *Brady v. Maryland* and *Giglio v. United States* by producing, making available, or otherwise making the defendant aware of all *Brady* and *Giglio* information of which it is currently aware. ").

Yet, it is apparent that the government has not turned over all discovery in its possession. For example, the government has failed to turn over all documents it obtained from Google. On March 10, 2021, the government sent a letter to Google ordering Google to copy and preserve the contents of the account ██████████ pursuant to 18 U.S.C. § 2703(f). The government also sent an order pursuant to § 2703(d) ordering Google to disclose certain content associated with the same account. The government has not disclosed the § 2703(d) order to the defense, and when asked about it on April 26, 2023, the government stated that the § 2703(d) order remained under seal and was not disclosed for this reason. Yet, the order should not have remained under seal. It should have been disclosed to the defense because it is material and necessary—just as a search warrant—for Mr. Meek to raise Fourth Amendment suppression issues. *See, e.g., In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 286 (4th Cir. 2013) (documents relating to requests under § 2703 should be unsealed once the government no longer has an interest in keeping them sealed); *see also In re USA for 2703(d) Ord. for Three Email Accts. Serviced by [Redacted] for Investigation of Violation of 18 U.S.C. §§ 641 & 793*, 548 F. Supp. 3d 31, 32 (D.D.C. 2021) (noting that § 2703(d) orders must be unsealed when the government interest elapses); *Warshak v. United States*, 631 F.3d 266, 274 (6th Cir. 2010) (holding that obtaining private emails under § 2703(b) and then § 2703(d) without a warrant is a Fourth Amendment search that required suppression). The government's failure to unseal the order and provide it in discovery thus raises concerns about the government's process for producing discovery.

Further, when Google receives process from the government, Google responds to the government with correspondence relating to this process. For example, Google did so with respect to requests from the government relating to the account ▮▮▮▮▮▮▮▮▮▮ which were made subsequent to the requests associated with ▮▮▮▮▮▮▮ *See, e.g.*, Exhibit 1 (email from Google providing link for content relating to ▮▮▮▮▮▮▮▮▮ Exhibit 2 (March 19, 2022 letter from Google in response to Grand Jury subpoena for account ▮▮▮▮▮▮▮▮▮; *See also* Exhibit 3 (email from Google noting no responsive information relating to grand jury subpoena for ▮▮▮▮▮▮▮]. But the government has not provided any of Google's responses to the preservation letter or § 2703(d) order with respect to the ▮▮▮▮▮▮ account.

Additionally, the government has failed to provide a full copy of the documents sent to it by Google in response to the § 2703(d) request. Exhibit 4 (report referring to filtered results from § 2703(d) order to Google, providing information relating to Dropbox and Skype to the prosecution); Exhibit 5 (referring to "2703(d) from Google LLC pertaining to Dropbox and Skype- contains newsgathering information."); Exhibit 6 (email providing instructions to search header information for certain content); Exhibit 7 (report relating to filtering information obtained from Google in response to a § 2703(d) order); Exhibit 8 (FBI report referring to "partially filtered" results produced by Google). This is apparent because, as the foregoing exhibits show, FBI reports reflect that the government had searched and filtered certain "header information" relating to emails in the account ▮▮▮▮▮▮▮▮ But no such information has been produced to the defense in any form—whether filtered or unfiltered. And when the defense requested this information, the AUSA of record said that she would need to check with other individuals regarding this issue. It is not known who these individuals are, and it is not clear what the inquiry

involved. Yet, this information clearly was obtained and reviewed by government agents. *See Id*. If this information is being withheld, it should be disclosed to the defense forthwith in accordance with Rule 16—both as to the unfiltered and filtered productions from Google. If this information has been lost or destroyed by the government, the government should so state.

The incompleteness of the government's discovery production is not limited to documents obtained from Google. With respect to Apple, the government also obtained a § 2703(d) order as to information relating to Mr. Meek's accounts with Apple. But a copy of this order was not produced to the defense in discovery. When defense counsel inquired about this order on April 26, 2023, the government represented that a copy of this order should have been produced with the search warrants. However, it was not, and the defense so informed the government. Since that time, the defense has not received a copy of the § 2703(d) order issued to Apple. Again, this raises concerns about the completeness of the government's production and its process for ensuring that all Rule 16 and *Brady* obligations are met.

While there has not been complete production of the materials obtained from Google, and likely other providers, there are serious questions about the nature of the information the government obtained without a warrant. For example, it is not clear why non-content header information from Google would contain newsgathering information that would need to be filtered out and further, why it would be possible to search non-content header information for specific usernames and content, such as those associated with Dropbox and Skype. Yet, that is what the government apparently did in this case. Exhibit 6 (email providing instructions to search header information for certain content); Exhibit 7 (report relating to filtering information obtained from Google in response to a § 2703(d) order); Exhibit 8 (FBI report referring to "partially filtered" results produced by Google); Exhibit 5 (referring to "2703(d) from Google LLC pertaining to

Dropbox and Skype-contains newsgathering information."). None of this should be a mystery, because the government should have disclosed the documents it obtained relating to Mr. Meek's accounts in discovery.

All of these circumstances raise concerns about the methodology and completeness of the government's discovery retention and production process. It is apparent that the AUSAs of record are dependent on other, unknown individuals, to discern what has been obtained in this case, and are deferring to these individuals to produce the discovery in this case. But the prosecutors in this case have a duty to Mr. Meek and to the Court to comply with their discovery obligations. That the government has referred to discovery regarding which "it is aware" is cold comfort, and its statements that discovery disclosure has been complete have proved to be wrong. The government cannot evade its discovery and *Brady* obligations through ignorance or willful blindness. *See, e.g., United States v. Gatto*, 763 F.2d 1040, 1048 (9th Cir. 1985) (noting that the plain language of Rule 16(a)(1)(E) contains no due diligence component and that the disclosure obligation is triggered upon the federal government's "actual possession, custody, or control" of a document.); *Kyles v. Whitley*, 514 U.S. 419, 432 (1995) ("*Brady* held 'that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.'") (quoting *Brady*).

Given the government's prior representations that it has disclosed *all* discovery, the fact that the government has nevertheless failed to disclose material discovery despite these representations, and the fact that the prosecution appears to be outsourcing its discovery duties to unidentified third parties, the Court's supervision is necessary to ensure full compliance with Rule 16 and *Brady*. A hearing is necessary to ensure that Mr. Meek's due process rights to prepare and

present a complete defense and vindicated. *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) ("[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense.") (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)). Mr. Meek cannot present a complete defense without the documents and information he needs to "conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed, and to allow himself enough time for reflection and preparation for trial." *Sneed v. Smith*, 670 F.2d 1348, 1353 (4th Cir. 1982) (quoting *Coles v. Peyton*, 389 F.2d 224, 226 (4th Cir. 1968)).

Accordingly, this Court should hold an evidentiary hearing to determine the facts and circumstances under which this evidence has been withheld. At the hearing, the government should be ordered to set forth, on the record, its process for determining what evidence was obtained in the course of this investigation, and what should be turned over to the defense. All individuals in this process should be identified, and their role specified. Based on the evidence at that hearing, this Court may then decide whether further supervision or corrective action is needed to ensure that the government fully complies with its Rule 16 and *Brady* obligations. The Court has broad supervisory authority to conduct such a hearing and to determine what further remedies are necessary. *United States v. Chapman*, 524 F.3d 1073, 1085 (9th Cir. 2008) (quoting *United States v. Simpson*, 927 F.2d 1088, 1090 (9th Cir. 1991)) ("A district court may exercise its supervisory power 'to implement a remedy for the violation of a recognized statutory or constitutional right; to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and to deter future illegal conduct.'").

WHEREFORE, for all of the foregoing reasons, the Court should order the government to disclose all Rule 16 and *Brady* material forthwith. The Court should also hold a hearing regarding

the government's process for producing discovery and exculpatory information, and take any further action necessary to ensure that the government complies with its duties under Rule 16 and *Brady*.

                                      Respectfully Submitted,

                                      By: /s/ *Eugene V. Gorokhov*
                                      Eugene Gorokhov, Bar No. 73582
                                      *Attorney for Defendant*
                                      BURNHAM & GOROKHOV, PLLC
                                      1750 K Street NW, Suite 300
                                      Washington, DC 20006
                                      (202) 386-6920 (phone)
                                      (202) 765-2173 (fax)
                                      eugene@burnhamgorokhov.com

CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document VIA ECF which provides a copy to the AUSA of record.

By: /s/ *Eugene V. Gorokhov*
Eugene Gorokhov, Bar. No. 73582
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1750 K Street NW, Suite 300
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com