**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 1:23CR65-CMH |
| | ) | |
| JAMES MEEK. | ) | |

**MOTION FOR EARLY DISCLOSURE OF RULE 404(b) AND EXPERT TESTIMONY
AND TO DISCLOSE THE EVIDENCE IN A MANNER
REASONABLY ACCESSIBLE TO THE DEFENSE**

James Gordon Meek, through counsel, respectfully moves this Court to order the government to provide reasonable access to the evidence in this case at the United States Attorney's Office so that Mr. Meek. Defense counsel and the defense forensic expert should be permitted to bring laptops, and maintain confidential work product relating to the evidence review. Mr. Meek also asks this Court to order the government to produce its expert disclosures no later than 30 days before trial, and to provide its Fed. R. Evid. 404(b) notice (if any) no later than 20 days before trial. In support of his motion, Mr. Meek states as follows:

In this case, the majority of the evidence to be introduced at trial is housed at the FBI Field Office in Manassas, Virginia. Because of the manner in which the evidence is maintained, defense counsel must coordinate with a forensic expert assisting him to review the evidence. The FBI Field Office is located approximately 45 minutes to an hour from defense counsel's office. The evidence seized by the government includes forensic images of multiple electronic devices, consisting of external hard drives, smart phones, and laptops. Given the number of devices in this case, the technical expertise required to review and make sense of the evidence, and the fact that the evidence is housed at the FBI field office, evidence review and trial preparation in this matter is an exceedingly time-consuming and expensive process.

But the government has made this process even more difficult by imposing rules and limitations on defense counsel and the forensic expert that makes it virtually impossible to prepare for trial. Prior to visiting the FBI facility to review the seized evidence in March, 2023, undersigned counsel and the forensic expert were instructed that "[i]f you choose to bring your own desktop or laptop to facility the review, the computer/hard drive must be wiped prior to leaving the facility." March 14, 2023 Email from FBI Special Agent Benjamin Burheimer. In other words, while reviewing voluminous forensic evidence from multiple devices, the FBI has prohibited the defense from using a computer to make notes and organize information in preparation for trial in this matter.

The foregoing limitations—physical access to the evidence, combined with the inability to take notes using a computer—make it impossible for the defense to meaningfully prepare for trial. In a case involving multiple seized devices, where the content and location of files on a device are critical evidence, defense counsel and his expert are limited to using a pen and notepad. This makes a mockery of the defendant's Sixth Amendment right to prepare and present a defense. Accordingly, Mr. Meek moves this Court to order the government to make all of the evidence in this case available at the United States Attorney's Office in Alexandria, Virginia. He also respectfully asks the Court to order that defense counsel and the defense forensic expert be permitted to bring computers on which they may create confidential work product necessary for trial preparation—work product that can neither be reviewed nor deleted by the government.

Furthermore, while Mr. Meek understands that the CSAM material at issue must remain at a government facility, the fact that his access to such a facility is limited means that he will need additional time to review and prepare defenses relating to Fed. R. Evid. 404(b) evidence (if any) that the government intends to introduce, given that such evidence would involve CSAM material

that he can only access at the US Attorney's Office. For the same reasons, because the expert disclosures in this case will involve technical information relating to CSAM materials, the devices they are stored on, how and where they are stored, when they were created, and other such details, Mr. Meek will need additional time to review and prepare defenses to the anticipated expert testimony, given that defense counsel and the expert must review the material at the US Attorney's Office.

WHEREFORE, for all of the foregoing reasons, the Court should order the government to make the evidence in this case available at the US Attorney's Office in Alexandria, Virginia. Defense counsel and the forensic expert should be permitted to bring their computers, on which they can take notes on their review of the evidence and maintain those notes as confidential work product. Furthermore, the government should be ordered to produce its expert disclosures no longer than 30 days before trial, and its Fed. R. Evid. 404(b) notice no later than 20 days before trial.

Respectfully Submitted,

By: /s/ *Eugene V. Gorokhov*
Eugene Gorokhov, Bar No. 73582
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1750 K Street NW, Suite 300
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com

3

CERTIFICATE OF SERVICE

  I hereby certify that I filed the foregoing document VIA ECF which provides a copy to the AUSA of record.

<u>By: /s/ *Eugene V. Gorokhov*</u>
Eugene Gorokhov, Bar. No. 73582
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1750 K Street NW, Suite 300
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com
