IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES GORDON MEEK<br><br>*Defendant*. | Case No. 1:23-cr-65 |

### UNITED STATES' OPPOSITION TO DEFENDANT'S SECOND MOTION TO COMPEL

The defendant moves this Court to compel the production of information that has now been produced, and which the government was in the process of producing—and had communicated this to defense counsel—at the time of the defendant's motion. Additionally, the defendant requests the Court conduct an unnecessary evidentiary hearing during which the government would simply explain orally, rather than in writing, what it has previously explained in its response to the defendant's first motion to compel (and associated discovery letters), and which the government further addresses below. The motion should be denied.

On May 2, 2023, the defendant filed his second motion to compel disclosure of materials and for an evidentiary hearing. ECF No. 52 ("defendant's motion"). In his motion, he requests that the government be ordered to produce two orders pursuant to 18 U.S.C. § 2703(d) and their associated returns, including header information. These orders—associated with the defendant's Google and Apple accounts—were previously under seal, but were unsealed for the purposes of discovery on May 1, 2023, and produced the next day along with the full returns. In fact, the government had already uploaded the data to the shared discovery portal for the defendant *prior*

to the filing of his motion, and was in the process of emailing defense counsel to confirm that the information had been uploaded at the time the motion was filed. Defense counsel knew this information was coming because the government had told him it was searching for it and would produce what it found.[1]

Lastly, no evidentiary hearing is necessary here. The defendant requests that the Court hold this hearing to supervise the discovery process and ensure compliance with Rule 16 and *Brady*. However, the defendant's assertions that the government has not complied with its discovery obligations—both in his first motion to compel, which also sought information that had already been produced and attempted to use *Brady* to facilitate his fishing expedition, and the instant motion's assertions—are without merit. The government has responded promptly, and will continue to do so, to every discovery request defense counsel has made, and, as detailed above, defense counsel was minutes away from receiving the data he sought at the time of the defendant's motion. An evidentiary hearing to supervise discovery is entirely unnecessary.

Continued on next page

---

[1] Additionally, the defendant points to the fact that the government hasn't produced the response from Google after submission of a preservation request as evidence that the government has not complied with its obligations. However, the response he refers to is an *automated*, non-substantive email confirming that Google has received any given submission. This email clearly does not implicate the government's discovery obligations.

For the reasons stated above, the defendant's second motion to compel and for an evidentiary hearing should be denied.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:     /s/
Whitney Kramer
Special Assistant United States Attorney (LT)
Zoe Bedell
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, Virginia 22314
Phone: 703-299-3700
Email: Whitney.Kramer@usdoj.gov
