IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 1:23CR65-CMH |
| | ) | |
| JAMES MEEK. | ) | |

**DEFENDANT'S REPLY TO THE GOVRRNMENT'S RESPONSES IN OPPOSTION TO HIS MOTIONS TO COMPEL PRODUCTION OF DISCOVERY AND BRADY MATERIAL**

James Meek, through counsel, respectfully submits his reply to the government's responses (ECF 58 & 59) in opposition to his motions to his motions to compel discovery. ECF 46 & 52.

**INTRODUCTION**

"I would be the last to deny the utility of discovery in the truthseeking process. By aiding effective trial preparation, discovery helps develop a full account of the relevant facts, helps detect and expose attempts to falsify evidence, and prevents factors such as surprise from influencing the outcome at the expense of the merits of the case." *Taylor v. Illinois*, 484 U.S. 400, 425 (1988) (Brennan, J., dissenting) (internal citation omitted).

Yet, when it comes to obtaining discovery and exculpatory information from the government, the defendant is largely at the government's mercy. If the government states that specific Rule 16 discovery or *Brady* material does not exist, his ability to challenge these assertions is limited. But in this case, there can be no dispute that the government has made unequivocal assertions regarding discovery that have proved to be wrong. Given the importance of complete discovery and disclosure of *Brady* information to the truth-seeking process, the government's erroneous representation is no minor matter. The government should be required to provide the

1

Court with further assurances that no Rule 16 discovery or *Brady* material will be suppressed going forward.

## BACKGROUND

On February 24, 2023, defense counsel sent the government a letter requesting disclosure of discovery pursuant to Fed. R. Crim. Proc. 16, and exculpatory evidence and information pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). ECF 46-2—February 24, 2023 letter from defense counsel to the government.

On March 16, 2023, the government responded by letter and addressed Mr. Meek's discovery requests. The government stated that it had complied with all of its discovery and Brady obligations: "**Notably, the government has currently produced or made available all materials responsive to Federal Rule of Criminal Procedure 16(a)(1)(A)-(F), as applicable, that are within the government's possession, custody, or control. Additionally, the government has complied with its obligations under *Brady v. Maryland* and *Giglio v. United States* by producing, making available, or otherwise making the defendant aware of all *Brady* and *Giglio* information of which it is currently aware.**" ECF 46-3--March 16, 2023 letter from the government to defense counsel, at 2.

On March 31, 2023, defense counsel sent a follow-up discovery letter with specific requests to the government. ECF 46-4—March 31, 2023 letter from defense counsel to the government. The government responded on April 7, 2023 that all discovery responsive to these requests had been produced. ECF 46-5—April 4, 2023 letter from the government to defense counsel.

However, as defense counsel continued to review discovery, it became clear that the government had no produced all Rule 16 material it its position. When defense counsel spoke with the government on April 26, 2023, the government that confirmed that there was additional

information it needed to produce. Thus, despite the government's unequivocal claim in its March 16, 2023 letter that all discovery had been produced, it became clear that this statement was not correct. At that time, it became clear that the government had not produced two 18 U.S.C. § 2703(d) orders it sent to Google and Apple. Additionally, the government had not turned over evidence it obtained from Google in response to the § 2703(d) order. The government stated that it would investigate the issue and provide any additional responsive documents.

On May 2, 2023, having received no additional discovery from the government, Mr. Meek filed his second motion to compel. ECF 52. The same day, the government provided undersigned counsel with a copy of the § 2703(d) documents relating to Google by email. Later in the day, the government produced documents through an "informal" discovery production. This was followed on May 8, 2023 with a formal Bates-stamped production, which largely included the documents produced on May 8, 2023, as well as several additional documents that post-dated the March 16, 2023 letter.

These productions revealed that despite the government's earlier representation that "the government has currently produced or made available all materials responsive to Federal Rule of Criminal Procedure 16(a)(1)(A)-(F), as applicable" was not correct. In fact, the government was in possession of scores of documents that it did not disclose at the time of its March 16, 2023 representation. These documents included scores of documents from Apple, Verizon, and Google, obtained months before the government made its March 16 claim.

In sum, after representing to the defense in no uncertain terms that it had produced all discovery, it is now apparent that the government's statement was simply wrong. Under these circumstances, it is important to ensure that the government complies with all of its discovery and *Brady* obligations going forward.

**ARGUMENT**

Defense counsel does not suggest that the government has intentionally hid Rule 16 information from Mr. Meek. That said, it is clear that prosecutors in this case are reliant on unidentified third parties to produce discovery to the defense. This is apparent because when requesting discovery from the AUSAs of record, the response has been that they need to investigate the issue and check with other individuals. Given that the government has made a clear representation that it produced all discovery, when in fact there was voluminous discovery that the government failed to disclose, there are serious questions about the reliability of the government's process for producing Rule 16 and *Brady* materials.

Moreover, in its responses to Mr. Meek's motion to compel, the government entirely avoids this issue. The government does not acknowledge that it made a representation regarding Rule 16 material that was simply wrong, let alone explain why. Instead, or explaining what led to its inaccurate representation, the government seeks to paint Mr. Meek as unreasonable. The government's unwillingness to explain how this occurred does not inspire confidence in its ability to fully comply with its Rule 16 and *Brady* obligations going forward. Accordingly, this Court should require the government to address why it made an inaccurate representation regarding discovery, and how it will avoid making such errors going forward.

Also concerning is the position the government has taken with respect to Google's response relating to the government's mandate to Google to preserve the contents the email account associated with the Dropbox account that is the subject of the NCMEC report that instigated this investigation. The government has claimed that it did not produce this document because it is an "an *automated*, non-substantive email confirming that Google has received any given submission. This email clearly does not implicate the government's discovery obligations." ECF 59 at 2, n.1

(emphasis in original). This argument represents a troubling lack of familiarity with Fed. R. Crim. Proc. 16 and the Federal Rules of Evidence. Rule 16 recognizes no exemption for the government's obligation to produce documents if they are "automated" or "non-substantive." Further, it is not clear what the "non-substantive" distinction is supposed to mean. The email at issue is certainly substantive because it is reflects that Google created a copy of the contents of Mr. Meek's email account without a warrant. More generally, automated documents often reflect the occurrence or non-occurrence of events, and can serve as independent proof of such. The Federal Rules of Evidence codify this, making business records admissible (with the appropriate foundation) under an exception to the hearsay rules. Fed. R. Evid. 803(6).

Additionally, the government's position is particularly questionable because the government knows that the warrantless preservation of this account, among others, it's the subject of a pending motion to suppress based on the warrantless seizure of accounts pursuant to § 2703(f) preservation letters. Moreover, because this document proves the fact that Google *did* in fact seize Mr. Meek's account without a warrant—something Mr. Meek must prove as part of his suppression argument—it falls within the scope of *Brady*. *See, e.g., United States v. Gamez-Orduno*, 235 F.3d 453, 461 (9th Cir. 2000) (*Brady* violated in pretrial context by suppression of report that would have demonstrated that defendants had Fourth Amendment standing to challenge search). Thus, the fact that the government takes the position that this document is not subject to disclosure raises serious questions as to what additional evidence the government is withholding based on its erroneous reading or Rule 16 and/or *Brady*, particularly because courts have made clear that the government cannot do so by deciding that evidence is "not material," as the government has admitted to doing here. *See, e.g., United States v. Danielczyk*, No. 1:11CR85 JCC, 2013 WL 142460, at *2 (E.D. Va. Jan. 10, 2013) ("the aforementioned definition of 'materiality'

discussed in *Bagley*, *Strickler*, and other appellate cases is a standard articulated in the post-conviction context for appellate review. In this pretrial setting [t]he government must always produce any potentially exculpatory or otherwise favorable evidence without regard to how the withholding of such evidence might be viewed, with the benefit of hindsight, affecting the outcome of the trial.") (internal quotations omitted).

## CONCLUSION

For all of these reasons, the Court should require the government to explain on the record why it represented to the defense that it had produced all discovery on March 16, 2023, when it had Rule 16 material in its possession dating back six months or more. The government should also be required to disclose whether it has made a deliberate decision not to disclose additional documents or information based on its position that it has no disclosure obligations under Rule 16 or *Brady*.

    Respectfully Submitted,

By: /s/ *Eugene V. Gorokhov*
Eugene Gorokhov, Bar No. 73582
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1750 K Street NW, Suite 300
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com

CERTIFICATE OF SERVICE

      I hereby certify that I filed the foregoing document VIA ECF which provides a copy to the AUSA of record.

                                        <u>By:</u> <u>/s/ *Eugene V. Gorokhov*</u>
                                        Eugene Gorokhov, Bar. No. 73582
                                        *Attorney for Defendant*
                                        Burnham & Gorokhov, PLLC
                                        1750 K Street NW, Suite 300
                                        Washington, DC 20006
                                        (202) 386-6920 (phone)
                                        (202) 765-2173 (fax)
                                        eugene@burnhamgorokhov.com