IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED IN OPEN COURT
JUL 21 20[??]
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:23-CR-65 |
| v. | ) |
| | ) |
| JAMES GORDON MEEK, | ) |
| | ) |
| *Defendant.* | ) |

## STATEMENT OF FACTS

The United States and the Defendant, JAMES GORDON MEEK, agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. Between at least February 2020 and up to and including April 2022, the defendant, James Gordon Meek, resided in Arlington County, Virginia, within the Eastern District of Virginia.

2. On or about February 24, 2020, the defendant flew to Charlotte, North Carolina, and stayed in the vicinity of Rock Hill, South Carolina until on or about February 28, 2020. He then took a return flight from Charlotte, North Carolina, to Ronald Reagan Washington National Airport on February 28, 2020, within the Eastern District of Virginia.

3. On or about February 26-27, 2020, while temporarily located in or around Rock Hill, South Carolina, the defendant used his iPhone 8 to engage in a series of messages with two different individuals utilizing "Kik," an internet-based messaging application the defendant had installed on his iPhone 8.

4. During the course of these conversations, the defendant sent and received sexually explicit images and videos depicting minors engaged in sexually explicit conduct. Some of the

images and videos depicted prepubescent minors and minors under the age of 12. For example, the defendant sent both individuals with whom he was communicating a video lasting approximately one minute and fourteen seconds, depicting an erect penis penetrating the anus of a female infant.

5. The Kik conversations surrounding the defendant's distribution and receipt of the messages demonstrate that the defendant knew that the images and videos he sent and received depicted minors engaged in sexually explicit conduct, and that some of the of the images and videos depicted prepubescent minors and minors under the age of 12. For example, shortly after sending the video referenced above, the defendant texted "I wish I could lick up all that cum all over that little baby that he just raped."

6. On or about February 28, 2020, the defendant traveled by plane in interstate commerce from Rock Hill, South Carolina, to Arlington, Virginia, while carrying his iPhone 8.

7. When the defendant returned to the Eastern District of Virginia on February 28, 2020, the defendant's iPhone 8 contained the visual depictions of minors engaged in sexually explicit conduct within the Kik chat application. These images were stored on the phone, both in the Kik application and in folders associated with Kik on the iPhone 8.

8. The defendant knew that the visual depictions were contained on his iPhone 8 when he transported it from Rock Hill to Arlington, and that the depictions portrayed minors engaged in sexually explicit conduct.

9. On or about April 27, 2022, in Arlington, Virginia, within the Eastern District of Virginia, the defendant knowingly possessed the following electronic devices: iPhone 8 S/N FFPVNENQJC6C, iPhone 11 S/N F4GCT22TN72Y, iPhone 5C S/N FFMN64SXFNDD, iPhone

6 S/N DNPNX8F4G5MG, Apple Laptop S/N WQ028CSZATM, and External Hard Drive identifying number 18037244-11. These devices were all manufactured outside of Virginia.

10. Each of the aforementioned devices contained multiple depictions of minors engaged in sexually explicit conduct, including multiple images or videos in which the minors depicted were prepubescent and under the age of 12 years. These devices contained dozens of images and at least eight videos depicting children engaged in sexually explicit conduct. For example, one image depicted a nude prepubescent boy with a strap around his face with a device forcing his mouth open; his hands are bound to his feet. The boy is wearing a "Santa Claus" style hat with a bow pictured around his waist above his penis.

11. The defendant knew that his electronic devices contained such depictions, that the individuals depicted were minors, and that at least some of the individuals depicted were prepubescent and minors under the age of 12.

12. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each *and every* fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

13. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

\_\_\_\_\_/s/_____
Zoe Bedell
Assistant United States Attorney

Whitney Kramer
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, James Gordon Meek, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
James Gordon Meek

I am Eugene Gorokhov, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Eugene Gorokhov, Esq.
Attorney for James Gordon Meek