**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,	) | |
| ) | |
| v.	) | Case No. 1:23CR65-CMH |
| ) | |
| JAMES MEEK.	) | |

**EMERGENCY MOTION FOR AN ORDER TO TRANSPORT DEFENDANT
BACK TO ALEXANDRIA DETENTION CENTER**

James Meek, through counsel, respectfully asks this Court to order the United States Marshals Service to transport him back to the Alexandria Detention Center ("ADC") forwith. In support of this motion, Mr. Meek states as follows:

At approximately 10:37 AM on August 10. 2023, Deputy Brown from ADC called and notified undersigned counsel that Mr. Meek "left" today to a different facility. Deputy Brown could provide not provide undersigned counsel with any information regarding why Mr. Meek was transferred, and explained that she was calling solely because Mr. Meek had been required to leave behind all of his property, including legal documents, which he requested to be given to the undersigned counsel.

Undersigned counsel was then transferred to records. Records could provide no reason for the transfer, nor the destination. Undersigned counsel was then directed to contact the US Marshals. Deputy Marshal Defeo stated that the move was likely initiated by Alexandria Detention Center to make "bed space" for other inmates and stated that Mr. Meek was likely moved to Northern Neck Regional Jail. However, he also noted that such movements are typically limited to individuals who have been sentenced.

1

Mr. Meek was scheduled for a presentence interview on Friday August 11, 2023 and undersigned counsel has been working with Mr. Meek to prepare for his upcoming sentencing. Mr. Meek has been assisting counsel in preparing for this sentencing, but has been forced to leave his property, including notes and other materials intended to assist defense counsel, at ADC.[1]

Undersigned counsel has reached out to the government regarding its position on this matter, but has not received a response at the time of filing this motion.

For all of the foregoing reasons, given that Mr. Meek must meet with defense counsel to prepare for his upcoming sentencing, and to ensure that he has access to his medically required CPAP machine, we respectfully request that he be transported back to ADC pending sentencing.

Respectfully Submitted,

By: /s/ *Eugene V. Gorokhov*
Eugene Gorokhov, Bar No. 73582
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1750 K Street NW, Suite 300
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com

---

[1] Furthermore, based on information previously provided by Mr. Meek and his family, Mr. Meek requires a CPAP machine for sleep apnea, and is at high risk for heart attack without such a machine. When Mr. Meek was initially detained at ADC, he was not provided a CPAP machine. A CPAP machine was only provided after several days, after significant efforts by his family members. Undersigned counsel has not be able to determine whether this machine was sent to Northern Neck with Mr. Meek, or whether one will be available at that facility.

CERTIFICATE OF SERVICE

      I hereby certify that I filed the foregoing document VIA ECF which provides a copy to the AUSA of record.

By: /s/ *Eugene V. Gorokhov*
Eugene Gorokhov, Bar. No. 73582
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1750 K Street NW, Suite 300
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com
