IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 1:23CR65-CMH |
| | ) | |
| JAMES MEEK. | ) | |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S
POSITION ON SENTENCING**

Mr. Meek has admitted that he engaged in serious offenses, expressed remorse for his conduct, and agrees that he needs to resume mental health treatment to address the core psychological issues that led him to seek out child pornography online.

The government investigated the case thoroughly, and did not pull any punches as to Mr. Meek.  Over the course of two years, the government deployed agents in multiple states to interview witnesses, and did so as recently as July of this year.  After a multi-year investigation, and reviewing scores of digital devices belonging to Mr. Meek that according to the government "go back a decade" or more, the government and Mr. Meek agreed on a statement of facts that accurately describes his criminal conduct.  That conduct involves seeking out and trading with other individuals CSAM materials he found online.  The images and videos involved are admittedly horrible.  Mr. Meek is ashamed and devastated by his behavior.  He has carefully read the victim impact statements referenced by the government, and expressed his profound remorse. All of this said, his offenses never extended beyond the virtual world.

But this is not enough for the government.  Instead, in its zeal to completely erase the character and good works of a man who has spent decades exposing human rights abuses around the world, the government wants to make this case more than it is and argues more than it could ever prove. There should be no mistake: the government would not have hesitated to indict Mr.

1

Meek for more serious crimes, if he in fact committed these crimes. Instead, the government now wants pile on with allegations that its multi-year investigation has simply not proved. The government unambiguously wants this Court and the public to believe, among other things, that Mr. Meek knowingly and intentionally manipulated a minor into producing child pornography. He did no such thing; if he did so, he would be indicted for it. The government omits critical facts that completely change the evidentiary picture that it tries to paint.

The government devotes much of its sentencing submission to Mr. Meek's interactions with "Identified Minor 2"—an individual who is mentioned neither in the indictment, nor the statement of facts. And for good reason: there is no evidence whatsoever that Mr. Meek knew or even had reason to believe that this individual was a minor, or sought her out for that reason. Undeterred, the government continues to contend that this was a case of Mr. Meek preying on a known minor. The government fails to acknowledge the following facts, most of which are now reflected in the PSR (par. 57):

- The problems with its claims about these interactions began within days of Mr. Meek's arrest, when the prosecutor notified the defense that the witness had contradicted herself repeatedly;
- This individual publicly posted nude photos of herself on her SnapChat account, frequently tagging a major public figure;
- This individual had the number "19" after her username, and other than this nothing in her public profile indicated her true age. Likewise, nothing in her photos indicated that she was a minor;
- Due to the fact that she had publicly posted nude photos of herself online, she was the subject of a local police investigation as the photos circulated at her school;

2

- The government forensically analyzed each of Mr. Meek's devices, and the government identified no conversation in which she notified Mr. Meek of her age;

- When speaking to law enforcement, she misidentified Mr. Meek based on his driver's license ID photo as a man who had sent nude selfies displaying a tattoo of a dog on his arm. Mr. Meek has no tattoos;

- She claimed the man in the photo tried to meet her at a local hotel in St. Louis and that his account showed he was geolocated in her city. Mr. Meek has never been to St. Louis in his life—a fact the government knows because it meticulously tracked his movements through travel records and cell phone data;

- When asked about both of Mr. Meek's SnapChat accounts, she said the man attempting to meet her was not associated with either of her accounts;

- The photos that Mr. Meek had on his devices were screenshots, most of all of which she previously posted publicly to her followers.

Of course, now knowing she was a minor, Mr. Meek deeply regrets following her account and having any communications with her. However, Mr. Meek's interactions with her do not even constitute a crime because he had no way of knowing she was a minor. This is why there is no reference to her in the Statement of Facts at all. Instead, he engaged with her as he did with many people he believed to be adults online.

The other instances mentioned in the government's position on sentencing similarly leave out critical details that completely change the evidentiary picture. For example, the government refers to interactions with "an individual identifying as 15 years old whose naked breasts were exposed." Gov't Pos. at 3. What the screenshot actually showed was an Omegle chat in which the person on the other end says they are 15 years old, and tries to re-direct Mr. Meek to another

3

application without any prompting by Mr. Meek. In fact, Mr. Meek does not even engage in the conversation with this person, nor is there any evidence that he went to the application that this person sought to redirect him to engage further. There are no responses or further interaction from Mr. Meek. Moreover, the individual depicted certainly does not appear to be a minor, based on undersigned counsel's review of the evidence. Perhaps most significantly, the government fails to note that the subscriber information for the individual who provided the SnapChat user account lists her birthday in 1996, and the user apparently later changed it to 1997—so the government is in possession of evidence suggesting this person was not in fact a minor when she was on Omegle in December, 2016. US-2581. The government had multiple email addresses, IP addresses and account names and sent agents to multiple states looking for minors who had any contact with Mr. Meek, and this person has not been identified as such.[1]

This is the very scenario that played in out in *US v. Butler*, 1:22-CR-181-CMH, in which the Court imposed a sentence of 60 months in a transportation of CSAM case. There, the government stressed that the defendant had sexual chats using Google Hangouts with an individual who had claimed to be 15 years old. However, upon investigation, it became clear that the person was an adult and therefore Butler's conduct in that instance was not even illegal.

---

[1] In another example, the government claims that Mr. Meek engaged with an individual "identifying as 14." Instead, this is a screenshot where "stranger" has typed the number "14" at the top of what appears to be a chat that was cut off in the image. It is not clear what precedes the number, or what the number was in reference to. There was no picture of this person on the screenshot, and no evidence that Mr. Meek engaged with the person any further.

In sum, the government followed leads across the United States, and in every case found that the people Mr. Meek communicated with were not minors, or he had no way of knowing that they were. The government should not be permitted to claim otherwise.

Respectfully Submitted,

By: /s/ *Eugene V. Gorokhov*
Eugene Gorokhov, Bar No. 73582
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1750 K Street NW, Suite 300
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com

CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document VIA ECF which provides a copy to the AUSA of record.

By: /s/ *Eugene V. Gorokhov*
Eugene Gorokhov, Bar. No. 73582
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1750 K Street NW, Suite 300
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com

6